UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30187
Summary Calendar
_____

ERICO DAVIAS,
a/k/a Eric Davis,

                                        Plaintiff-Appellant,

                    versus

JOHN C. DURIO and
JOHN P. NAVARRE,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(93 CV 251)
_____
August 16, 1995

Before DAVIS, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Appellant Erico Davias, now a New Hampshire state
prisoner, filed this § 1983 complaint for damages against the
former sheriff and a district judge of Allen Parish, Louisiana for
events dealing with his extradition to New Hampshire.  Upon remand
of the case from this court, the appellees moved for summary

_____

        [*]    Local Rule 47.5 provides:  "The publication of opinions that have no
precedential value and merely decide particular cases on the basis of well-
settled principles of law imposes needless expense on the public and burdens on
the legal profession."  Pursuant to that Rule, the Court has determined that this
opinion should not be published.

judgment, and Davias supplied no admissible controverting proof. Based on the magistrate judge's recommendation, the district court granted summary judgment for Sheriff Durio and Judge Navarre. Davias has appealed but has raised no reversible error. We affirm.

Davias's only argument in his appellate brief is that the defendants' summary judgment proof was altered on their behalf; and he apparently attaches some new court records to his brief. These efforts are wasted. Davias cited no facts supporting his contention of altered evidence either to the trial court or this court, and we will not consider vague allegations. The documents he has attached appear regular on their face and simply lay the groundwork for extradition to New Hampshire. We cannot fathom what he sought to gain by offering them to this court.

The district court properly granted summary judgment for each of the defendants. Davias alleged claims against Judge Navarre that related to his official duties, for which he has absolute immunity from § 1983 liability. <u>Stump v. Sparkman</u>, 435 U.S. 349, 357-60 (1978). Durios's summary judgment evidence stated that he had no personal involvement with Davias or his extradition proceeding. In this circumstance, there is no § 1983 supervisory liability. <u>Thompkins v. Belt</u>, 828 F.2d 298, 303-04 (5th Cir. 1987).

The judgment of the district court is <u>AFFIRMED</u>.